**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:18-CV-00077-LLK**

**MANDY N. WILLIAMS**                                                                               **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income (SSI) benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 12 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 9.)

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff's first and second arguments**

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), myofascial pain syndrome, depression, and anxiety. (Administrative Record (AR) at 13.)

Plaintiff makes three arguments. First, she argues that the ALJ erred in not finding that she suffers from severe cervical degenerative disc disease, right shoulder impairment, and post-traumatic stress disorder (PTSD). Plaintiff's second argument is related to her first argument. She argues that the ALJ's failure to recognize these impairments as severe impairments constitutes reversible error because the impairments resulted in additional limitations not included in the ALJ's residual functional capacity (RFC)

1

finding. The Court will consider Plaintiff's first and second arguments as they relate to each allegedly severe impairment.

## Cervical degenerative disc disease

Plaintiff argues that her cervical degenerative disc disease is a severe impairment that results in "sensory and motor loss of the left hand" and limits her ability "to use her [left] hands and arms for grasping and manipulation." (Docket # 12 at 2.) However, she made no such claim in her disability application or at the administrative hearing. (AR at 30-65, 267-76.) At the administrative hearing, Plaintiff's counsel gave an opening statement and examined Plaintiff regarding her impairments.[1] (AR at 36-53.) Physically, the focus was Plaintiff's alleged inability to stand/walk for long periods of time. (*Id.*) Plaintiff did not mention any hand, grasping, or manipulative limitation. The controlling vocational hypothetical contemplated no such limitation. (AR at 61-64.) The vocational expert (VE) was not examined about the effect of any such a limitation on the availability of identified jobs. (*Id.*) Cross-examination focused on the vocational impact of a need for a sit-stand option. (*Id.*)

An ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Pena v. Sec'y of Health & Human Servs.*, 76 F.3d 906, 909 (8th Cir. 1996). "[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Comm'r of Soc. Sec.*, 172 F.3d 1111, 1115 (9th Cir. 1999).

The Sixth Circuit and this Court have recognized and applied these principles from *Pena* and *Meanel*. *See e.g. Nejat v. Comm'r*, 359 F. App'x 574, 577 (6th Cir. 2009) ("Given Nejat's failure to list obesity in his application and the scant evidence of obesity in the record, the ALJ properly evaluated this

---

[1] Although counsel mentioned, in passing, that Plaintiff has "neck pain with radiculopathy, numbness problems in the left arm," the ALJ asked Plaintiff where the neck pain spreads to, and Plaintiff responded "[i]t goes through my shoulders. They go numb and tingly." (AR at 37, 43.) Plaintiff did not testify that she suffers from ongoing hand, grasping, or manipulative limitation or otherwise indicate that such a limitation was an important aspect of her disability claim.

alleged condition.") (citing *Pena*); *Alasmar v. Comm'r*, No. 3:16-CV-551-CHL, 2018 WL 1470263, at *6 (W.D. Ky Mar. 26, 2018) (Alasmar waived her claim of disabling dementia for "failing to raise [the] claim in [the] application for benefits and not adducing all relevant evidence at the administrative hearing.") (citing *Pena*); *Scott v. Comm'r*, No. 1:18-CV-00107-HBB, 2019 WL 2505043, at *5 (W.D. Ky. June 17, 2019) (Scott waived her bilateral knee impairment claim because "[t]he administrative record shows that [she] did not notify the ALJ about her bilateral knee condition or allege any limitation in function because of the condition.") (citing *Meanel*).

Plaintiff waived her claim that the ALJ erred in not finding that she suffers from severe cervical degenerative disc disease, which allegedly results in "sensory and motor loss of the left hand" and limits her ability "to use her [left] hands and arms for grasping and manipulation" (Docket # 12 at 2), because she made no such claim in her disability application or at the administrative hearing.

Even if it was not waived, Plaintiff's argument is unpersuasive. In July 2015, Plaintiff presented to the emergency room because "left arm still numb – has anxiety." (AR at 598). In August 2015, Barbara Schooley, M.D., noted that Plaintiff "says her [left] arm is numb and can only feel 2 digits ... MRI does indicate 2 disc bulges at C5-6 and C6-7 and [moderate] stenosis at the C6-7 level." (AR at 804 referencing MRI at AR 407.) Dr. Schooley indicated that she "[w]ill refer [Plaintiff] to neurosurgeon [as soon as possible]." (AR at 804.) Plaintiff points to nothing in the administrative record showing that she followed up with a neurosurgeon or was still experiencing left arm numbness in July 2017, when the administrative hearing was held. No medical source indicated that Plaintiff's impairments cause greater functional limitations than found by the ALJ. The mere diagnosis of an impairment is not indicative of disabling functional limitations or even the existence of a severe impairment satisfying the 12-month duration requirement. *See Despins v. Comm'r*, 257 F. App'x 923, 930 (6th Cir. 2007) ("The mere existence of those impairments ... does not establish that Despins was significantly limited from performing basic work

activities for a continuous period of time."); *Higgs v. Sec'y*, 880 F.2d 860, 863 (6th Cir. 1988) ("[M]ere diagnosis of arthritis... says nothing about the severity of the condition.").

**Right shoulder impairment**

Plaintiff waived her claim that the ALJ erred in not finding that she suffers from a severe right shoulder impairment, which allegedly results in "decreased range of motion" and inability "to lift the arm above the shoulder" (Docket # 12 at 2), because she made no such claim in her disability application or at the administrative hearing.

Additionally, Plaintiff's argument is unpersuasive because the only evidence she points to in support of her claim is a December 2015 note in which Dr. Schooley indicated that Plaintiff "[s]tates right shoulder has been hurting worse, unable to lift above shoulder [but] [d]enies recent fall or injury"; observed "decreased [range of motion] right shoulder, moderate tenderness," and assessed "shoulder pain." (Docket # 12 at 2 referencing note at AR 834, 837.) The mere allegation of pain and limitation on a single occasion is not indicative of disabling functional limitations or even the existence of a severe impairment satisfying the 12-month duration requirement.

**PTSD**

The ALJ found that Plaintiff suffers from severe, or vocationally significant, "depression and anxiety," which limit her to being able to "sustain concentration for 2-hour segments throughout an 8-hour workday." (AR at 13, 15.)[2] Plaintiff argues that the ALJ erred in not finding that she also suffers from severe post-traumatic stress disorder (PTSD), which results in "interruptions in concentration." (Docket # 12 at 3.)

---

[2] Additionally, the ALJ found that Plaintiff's depression and anxiety limit her as follows: "She is limited to simple and routine work with no assembly line or production quota work. She can interact with supervisors and coworkers as needed for task completion but she may not interact with the general public." (AR at 15.)

4

Plaintiff has not shown that there is any significant difference between the ALJ's findings regarding her depression and anxiety and her suggested findings regarding her PTSD.[3] No medical source opined that Plaintiff's PTSD would interfere with her ability to concentrate or assessed specific work-related limitations. She "cites no evidence or authority to show that inclusion of PTSD as a severe impairment would have changed the ALJ's assessment of her functional limitations." *Hill v. Comm'r*, 500 F. App'x 547, 551 (6th Cir. 2014). "Thus, [Plaintiff's] cursory argument that the ALJ failed to denote PTSD as a severe limitation is waived" or, at worst, constituted harmless error. *Hill*, 500 F. App'x at 551.

**Inconsistency between the ALJ's RFC finding and the controlling vocational hypothetical**

Plaintiff's third and final argument is that a remand is required due to inconsistency between the ALJ's RFC finding and the controlling vocational hypothetical. Specifically, although the ALJ found that Plaintiff is "limited to simple and routine work" (AR at 15), the hypothetical asked the VE to assume that Plaintiff can "understand, remember, and carry out more than simple tasks but not complex tasks" (AR at 59).

"No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) (quoting *Fisher v. Sec'y*, 869 F.2d 1055, 1057 (7th Cir. 1989)). The inconsistency that Plaintiff identifies was not significant because the VE testified that the three jobs she can still perform (given the ALJ's RFC findings) are "unskilled." (AR at 59-60.) "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). "The basic mental demands of competitive, remunerative, **unskilled** *(emphasis added)* work include the abilities (on a sustained basis) to understand, carry out, and remember **simple** *(emphasis added)* instructions." Social Security Ruling (SSR) 85-15, 1985 WL 56857, at

---

[3] If, by "interruptions in concentration" (Docket # 12 at 3), Plaintiff is referring to her reports of having two panic attack daily, which take 15 to 20 minutes to get over (AR at 16), the ALJ implicitly found those reports to be credible only to the extent of the ALJ's mental RFC findings.

5

*4. Additionally, there is ample case-law authority showing that the specific jobs the ALJ found Plaintiff can still perform do **not** require an ability to understand, remember, and carry out more than simple tasks.[4]

### Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

July 8, 2019

Lanny King, Magistrate Judge
United States District Court

---

[4] *See e.g. Staples v. Comm'r*, No. 3:13-cv-01031, 2017 WL 313118, at *16 (M.D. Tenn. Jan. 23, 2017) (Staples can perform the jobs of small parts assembler (Dictionary of Occupational Titles (DOT) 706.684-022) and inspector/hand packager (DOT 559.687-074) based on a vocational hypothetical contemplating that she can "understand, remember and carry out only simple instructions."); *Ngoc Tran v. Comm'r*, No. ED CV 16-751-PLA, 2017 WL 1338086, at *3 (C.D. Cal. April 7, 2017) (Ngoc Tran can perform job of electronic worker (DOT 726.687-010) based on a hypothetical that assumed he/she can "understand, remember, and carry out simple job instructions.").